UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

OYEBISI T. BAMGBOYE,

       Plaintiff,
vs.

PHELAN HALLINAN, PLC,

       Defendant.
_____/

## COMPLAINT

**COMES NOW**, the Plaintiff, OYEBISI T. BAMGBOYE, by and through undersigned counsel, and brings this action against the Defendant, PHELAN HALLINAN, PLC ("PHELAN"), and as grounds thereof would allege as follows:

## JURISDICTION

1. This action is brought by a consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"). These laws prevent debt collectors from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 (a), (b) and (c).

3. Venue is proper in that Plaintiff is a permanent resident in the Southern District of Florida and because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## PARTIES

4. At all times material hereto, Defendant, PHELAN HALLINAN was and is a Professional Association, incorporated under the laws of the State of Florida, and has a principal address of 2727 West Cypress Creek Road Fort Lauderdale, FL 33309, and lists its registered agent as Emillo Lenzi, Esquire, 2727 West Cypress Creek Road Fort Lauderdale, FL 33309.

5. At all times material hereto, PHELAN regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

6. At all times material hereto, PHELAN regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

7. At all times material hereto, PHELAN, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

8. At all times material hereto, the Plaintiff, was and is a natural persons, and is a "consumer" as that term is defined by 15 USC 1692(a)(3), and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by violations of the Act.

9. At all times material hereto, the alleged debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

## BACKGROUND AND GENERAL ALLEGATIONS

10. Defendant sought to collect a debt from Plaintiff arising from an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was a Promissory Note secured by a mortgage on Plaintiff's primary residence.

11. The alleged debt arises from Plaintiff's ownership of the house which, when purchased, was her primary residence, and where she currently resides.

12. Upon information and belief, PHELAN was hired by JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE HOME FINANCE, LLC to collect on the alleged debt and was given specific information regarding the alleged debt in order to collect upon same. Mellentine v. Ameriquest Mortg. Co., 2013 WL 560515 (6th Cir. 2013); Battle v. Gladstone Law Group, P.A., 2013 WL 3297552 (S.D. Fla. June 28, 2013).

13. Upon information and belief, PHELAN, regularly receives requests for payoff and reinstatement quotes from borrowers in foreclosure.

14. Upon information and belief, PHELAN, regularly responds to these requests using the mail and the responses regularly state that any checks from borrowers must be made payable to PHELAN HALLINAN PLC.

15. Upon information and belief, PHELAN, has mailed hundreds of payoff and reinstatement quotes in the past year.

16. Upon information and belief, PHELAN, regularly prepares Final Judgments of Foreclosure in cases in which it serves as foreclosure counsel, which, in addition to enforcing a security instrument, also declare a judgment for a specified amount of money due in principal, interest and fees.

17. Paragraph 3 or 4 of the Final Judgments of Foreclosure that PHELAN regularly prepares in cases in which it serves as foreclosure counsel states in substantially the same language:

> If the total sum with interest at the rate described in paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on …

18. Upon information and belief, PHELAN has filed hundreds if not thousands such lawsuits in this county alone, all seeking to collect personal judgments against individual homeowners. *See* Heintz v. Jenkins, 514 U.S, 291, 299 (1995)(The FDCPA can apply to the litigating acts of attorneys, if the attorney "regularly engage[s] in consumer-debt-collection activity, even when that activity consists of litigation.")

19. In sum, Defendant sought to have the Plaintiff personally liable for the alleged debt it sought to collect. *See* Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012); Birster v. American Home Mortgage Servicing, Inc., 481 Fed.Appx. 579, 582 (11th Cir. 2012).

20. On or about December 18, 2012, Defendant caused to be served upon Plaintiff a summons and complaint seeking to collect an alleged debt from Plaintiff. (The "Complaint.")

21. In the Complaint, Defendant sought to collect for its client the amount due on a promissory note allegedly signed by Plaintiff.

22. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

23. The Complaint states, "Pursuant to the Fair Debt Collection Practices Act, you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information will be used for that purpose. *See* Exhibit "A", ¶ 17.

24. On the Civil Cover Sheet filed with the Complaint, an attorney for PHELAN checked off the box indicating that PHELAN was seeking monetary relief.

25. In the "Wherefore" clause of the Complaint, Defendant requested the court to "enter judgment foreclosing the mortgage, grant Plaintiff its reasonable attorney's fees, enter an order granting Plaintiff a writ of possession of the mortgaged property and such other or further relief as Plaintiff may be entitled to receive, and, if the proceeds of the sale are insufficient to pay

Plaintiff's claim, a deficiency judgment." *See* Exhibit "A".

26. The Complaint states that "The Notice required by the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq, as amended, is attached hereto and incorporated herein." *See* Exhibit "A", ¶ 2.

27. Attached to the Complaint was a Notice entitled "NOTICE REQUIRED UNDER THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692 ET SEQ, AS AMENDED" ["The Notice"].

28. The Notice, allegedly required under the § 1692g of the FDCPA, is in fact not required at all. This is because a complaint is not considered an "initial communication" for purposes of § 1692g(a). *See* 15 U.S.C. § 1692g(d).

29. The Notice states in relevant part:

> *The debt described in the Complaint and evidenced by the copy of the promissory note attached to it will be assumed to be valid unless the Debtor, within thirty (30) days after receipt of this notice, disputes in writing the validity of the debt or some portion thereof.*

30. A copy of the Notice is attached hereto as Exhibit "B".

31. The Notice states that it is a "made in connection with an attempt to collect a debt".

32. Defendant's Notice incorrectly states the presumption of validity as pronounced by section 1692g(a) of the FDCPA which states:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

       \*\*\*
15 U.S.C. 1692(g)

33. Defendant's Notice, unnecessarily included with the Complaint, states the Plaintiff must dispute the debt in writing within thirty (30) days or the debt will be assumed and does not qualify that it is only the Defendant who will assume the debt is valid.

34. Defendant's Notice—unnecessarily included with the Complaint—states the Plaintiff must dispute the debt **in writing** within thirty (30) days or the debt will be assumed valid the creditor's law firm. *See* Baez v. Wagner & Hunt, P.A., 442 F. Supp. 2d 1273 (S.D. Fla. 2006); Hooks v. Forman, Holt, Eliades & Ravin, LLC, 2013 WL 2321409 (2nd Cir. May 29, 2013).

35. Defendant's Notice would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

## COUNT I-VIOLATION OF FDCPA: 15 USC 1692(e)(10)

36. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 35.

37. 15 U.S.C. §1692e(10) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> > (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e(10)

38. The Notice contained false, deceptive and misleading representations in connection with the collection of a debt in that it misstates the applicable legal standard with regard to the presumption of validity as pronounced by section 1692g(a)(3) of the FDCPA and states that it is required by the FDCPA, when in fact, it is not so required.

39. Defendant's Notice is especially troubling because it was attached to a complaint for foreclosure. Pursuant to Fla. R. Civ. P. 1.140, the complaint required a written response. By stating that dispute must be in writing, a consumer may easily be led to believe that his/her written dispute to the law firm is a sufficient response to the complaint.

40. Alternatively, by stating that dispute must be in writing, a consumer may easily be led to believe that the written dispute is a sufficient written response to the Court.  The Court may very likely deem the written dispute letter an Answer. Once a consumer has filed an Answer, they have waived many of their legal rights, including but not limited to: (1) the right to contest service of process; (2) the right to seek a more definite statement; (3) the right to file a motion to dismiss; and (4) are consequently more vulnerable to any attempted summary judgment motion filed by Defendants.

41. In sum, the Notice included with the Complaint would be deceptive to the least sophisticated consumer with respect to theirs rights as both a consumer and a litigant and consequently violates 15 U.S.C. §§ 1692e, 1692e(10).

42. Defendant's Notice would be deceptive to the least sophisticated consumer with regard to his/her legal rights.

43. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated 15 U.S.C. §1692e(10).

44. Plaintiff has hired Loan Lawyers, LLC, to represent her in this action and has agreed to pay a reasonable attorney's fee.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant PHELAN for statutory damages, along with costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

**DEMAND FOR JURY TRIAL**

Plaintiff, OYEBISI T. BAMGBOYE, hereby demands a trial by jury of all issues so triable.

        Respectfully Submitted,

        /s/ *Yechezkel Rodal*
        YECHEZKEL RODAL, ESQ.
        FBN: 91210
        LOAN LAWYERS, LLC
        *Attorneys for Plaintiff*
        377 North State Road 7, Suite #202
        Plantation, FL 33317
        Telephone:   (954) 523-4357
        Facsimile:   (954) 581-2786
        e-mail:   chezky@floridaloanlawyers.com